**Alfonso D. DOMINGUEZ,**
**Plaintiff–Appellant,**

v.

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,**
**Defendant–Appellee.**

No. 00–15440.

D.C. No. CV–98–00259–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2001 *.

Decided July 2, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge,
LAY ** and THOMPSON, Circuit Judges.

### MEMORANDUM ***

In 1986, Alfonso D. Dominguez was diagnosed as suffering from several foot ailments. In 1994, he applied for a disability insurance plan from Mutual Life Insurance Company of New York ("MONY"). Although the application form required him to reveal his past foot injury, Dominguez did not do so, and MONY thereafter issued him a policy. As required by California law, the policy included an incontestability clause providing that if disability is incurred two years after the policy's effective date, the insurer cannot deny or reduce benefits on the ground that the disease or physical condition existed prior to the policy date.

In June of 1996, Dominguez underwent surgery on his foot. Later that year, Dominguez submitted a claim to MONY, asserting he was unable to work because of pain in his foot. Dominguez eventually had to sue for coverage alleging contract claims and negligent and intentional infliction of emotional distress. MONY defended itself, *inter alia*, by arguing that Dominguez's policy was ineffective due to

misstatements on his policy application. The district court agreed, finding that California's incontestability clause did not apply because Dominguez's injury manifested itself (rather than merely existed) before the policy's effective date.

Subsequently, the California Supreme Court decided the very legal issue involved in this appeal. In *Galanty v. Paul Revere Life Insurance Company*, 23 Cal.4th 368, 97 Cal.Rptr.2d 67, 1 P.3d 658 (2000), the California Supreme Court held that the incontestability clause applies despite the fact that the injury manifests itself before the policy was issued. MONY admits that the *Galanty* decision controls this case and that the district court's summary judgment in its favor must be reversed.[1]

Dominguez also raised an intentional infliction of emotional distress claim at the district court level, which the district court dismissed on other grounds. Dominguez does not raise this issue on appeal. Since it is well established that a failure to raise and argue an issue on appeal constitutes a waiver of that issue, we affirm the district court's dismissal of Dominguez's intentional infliction of emotional distress claim. *See United States v. Real Property Known As 22249 Dolorosa Street, Woodland Hills, Cal.*, 190 F.3d 977, 980–81 (9th Cir.1999).

We therefore reverse the district court's summary judgment against Dominguez on the breach of contract, breach of the covenant of good faith and fair dealing, and negligent infliction of emotional distress claims. We further affirm the district

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The dismissed contract claims include breach of contract and breach of good faith

covenant claims. MONY also admits that plaintiff's negligent infliction of emotional distress claim should be remanded to the district court, since the district court only dismissed that claim because it found that MONY did not breach its contract with plaintiff. Since the breach issue must be remanded, obviously the negligent infliction of emotional distress issue must be revisited as well.

court's summary judgment in favor on MONY on the intentional infliction of emotional distress claim. Since Dominguez was successful on all issues he raised in his appeal, he is awarded costs on appeal.

The district court's opinion is therefore REVERSED and REMANDED in part and AFFIRMED in part.